# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

HERBERT DOUGLASS,

    Plaintiff,

    v.

DISTRICT OF COLUMBIA,

    Defendant.

Civil Action No. 04-947 (CKK)

## MEMORANDUM OPINION
(March 31, 2009)

Plaintiff Herbert Douglass ("Plaintiff") brings this action against Defendant District of Columbia (the "District") pursuant to the Individuals with Disabilities Education Act, ("IDEA"), 20 U.S.C. § 1400 *et seq.*, as well as 42 U.S.C. § 1983 and Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794 *et seq.* Compl. ¶ 1. The District has moved for dismissal of Plaintiff's Complaint pursuant to Federal Rules of Civil Procedure ("Rules") 12(b)(1) and 12(b)(6), arguing that the Court lacks subject matter jurisdiction over Plaintiff's claims under the IDEA and Section 1983 and that Plaintiff fails to state a claim under the IDEA or the Rehabilitation Act.[1] Upon a searching review of the Complaint, the relevant statutes, regulations and case law, the Court shall GRANT-IN-PART and DENY-IN-PART the District's motion. Specifically, the Court GRANTS the District's motion as to Count I of Plaintiff's Complaint, concluding that the Court lacks subject matter jurisdiction over

---

[1] As explained below, although styled as a motion to dismiss pursuant to Rule 12(b), the District's motion is in fact a motion for judgment on the pleadings under Rule 12(c) and the Court will therefore treat it as such for purposes of this Memorandum Opinion. *See supra* p. 5-6.

Plaintiff's claims pursuant to the IDEA and Section 1983, but DENIES the District's motion

as to Count II of Plaintiff's Complaint, concluding that Plaintiff has sufficiently stated a claim

under the Rehabilitation Act.  In addition, although neither party has raised the issue of the

Court's subject matter jurisdiction as to Plaintiff's claim under the Rehabilitation Act, as set

forth in Count II of the Complaint, the Court raises the issue *sua sponte* and shall require the

parties to submit supplemental briefing addressing the discrete question of the Court's subject

matter jurisdiction over Plaintiff's remaining claim under the Rehabilitation Act, for the

reasons that follow.

## I.  BACKGROUND

### A.      Plaintiff's Complaint

The IDEA provides that all children with disabilities will be provided a free and

appropriate public education ("FAPE"), and provides for procedural safeguards to ensure that

disabled children receive individualized education programs ("IEP") to fulfill the Act's goals.

As set forth in the Complaint, Plaintiff, at the time the lawsuit was filed, was "a twenty-one

year old learning disabled student." *Id.* ¶ 8.[2]  Plaintiff was a student at Ballou Senior High

School, a school within the District of Columbia's public school system ("DCPS"), for three

years, during which time he was enrolled in special education classes pursuant to his IEP.  *Id.*

¶ 9.  Plaintiff complains that, although his IEP specified that he was to be on the "high school

diploma track," he was never informed by the District that "the special education classes he

_____

[2]In discussing these facts, the Court accepts as true all well-pleaded factual allegations in
Plaintiff's Complaint, as it must on a motion for judgment on the pleadings. *Bowman v. District
of Columbia*, 562 F. Supp. 2d 30, 32 (D.D.C. 2008).

was attending were not eligible for Carnegie credits[3] and would not count toward his

graduation credits." *Id.* ¶¶ 10-11.  In other words, despite the fact that his IEP required

Plaintiff to be on the "high school diploma track," Plaintiff had failed to earn any Carnegie

units, as is necessary in order to be eligible for a high school diploma, during his three years

of attendance at Ballou Senior High School.  *Id.* ¶ 10.

A due process hearing was subsequently held, during which "DCPS admitted that they

could not offer [him] Carnegie units at the high school level because he was enrolled in

special education classes." *Id.* ¶ 12.[4]  "Consequently, [Plaintiff] was placed at Accotink

Academy, a full-time therapeutic private placement which offers Carnegie units for special

education high school students." *Id.*  "Because [Plaintiff] was eighteen when he enrolled in

Accotink Academy, he was forced to sign a three year attendance contract with Accotink

promising to remain at Accotink for a minimum of three years to complete his high school

diploma." *Id.* ¶ 14.  Thus, according to Plaintiff, "[a]t eighteen years of age [he] was forced

to start his high school education over from the beginning in order to receive a high school

diploma." *Id.* ¶ 13.

---

[3]As Defendant explains in its Motion to Dismiss, a "Carnegie" unit is a unit of credit for course work.  *See* Def.'s MTD at 3, n.1.  Under the District's regulations, in order to be eligible to receive a high school diploma, a student must meet certain requirements, including, as is relevant here, satisfactory completion of a certain number of "Carnegie" units in various subject areas.  *See* 5 D.C. Mun. Regs. tit. 5 §§ 2202, 2203.2.

[4]Although Plaintiff does not describe the relevant Hearing Officer Determination ("HOD") in his Complaint nor attach at copy of the HOD to the Complaint, Plaintiff subsequently submitted a copy of the relevant Hearing Officer Determination ("HOD") to the Court.  *See* Docket No. [31-3].  Review of the HOD demonstrates that the decision was filed on June 21, 2002 and issued thereafter on June 24, 2002.  *See id.* at 5.

Plaintiff's Complaint sets forth two counts.[5]  Count I alleges that the District's failure to offer Plaintiff special education classes that award Carnegie units denied him a FAPE.  *Id.* ¶ 16.  Count II alleges that the District, by providing "only regular education students [with] the opportunity to earn Carnegie units and work towards a regular high school diploma," discriminated against Plaintiff on the sole basis of his disability.  *Id.* ¶ 18.  Based on these allegations, Plaintiff asks the Court to "[d]eclare that Defendants have violated Plaintiff's rights under [the] IDEA."  *Id.* ¶ 20.[6]  In addition, Plaintiff seeks an award of compensatory education and monetary damages.  *Id.* ¶¶ 22-23.[7]

B.       *Procedural Background*

Plaintiff initially filed the above-captioned lawsuit on June 9, 2004.  *See* Compl.  The District thereafter filed an answer.  *See* Docket No. [5].  The parties proceeded to engage in discovery, at the conclusion of which the Court set a schedule for dispositive motions.  *See* 10/31/05 Min. Order.  Pursuant to that schedule, Plaintiff filed his motion for summary

---

[5]Although Plaintiff's Complaint asserts a putative class action, *see generally* Compl., pursuant to the Court's directives, the District's motion addresses only Plaintiff's individual claims at this stage in the litigation.

[6]In setting forth Plaintiff's prayer for relief in his Complaint, Plaintiff has numbered the relevant paragraphs starting at 1, such that Plaintiff's Complaint contains two paragraphs that are numbered "1."  For convenience, the Court refers to all paragraphs in Plaintiff's Complaint in sequential order, referring to paragraph "1" of the prayer for relief as paragraph 19, paragraph "2" of the prayer for relief as paragraph 20, etc.

[7]On behalf of the putative class, Plaintiff also asks that the Court "[r]equire D.C.P.S. to credit Carnegie units to all special education students who have completed high school classes, award units to all student[s] who wish to pursue their high school diploma, or, in the alternative, fund the placement of the student at a school which offers Carnegie units for any special education class offered."  *Id.* ¶ 21.  As discussed above, Plaintiff's class action claims are not at issue in the instant Memorandum Opinion.  *See infra* 4, n. 5.

judgment on December 6, 2005. *See* Docket No. [31]. The District responded by filing the

instant motion seeking to dismiss Plaintiff's Complaint pursuant to Federal Rules of Civil

Procedure 12(b)(1) and 12(b)(6). *See* Def.'s MTD, Docket No. [32]. The District explained

that it was only after Plaintiff filed his motion for summary judgment that it became clear to

the District that this Court lacked subject matter jurisdiction over Plaintiff's Complaint. *See*

Docket No. [34]. The Court, acknowledging that a defendant is permitted to raise

jurisdictional issues at any time, required the parties to brief the jurisdictional issues raised in

the District's motion and held-in-abeyance Plaintiff's motion for summary judgment pending

the Court's ruling on the District's motion. *See* 4/11/06 Min. Order. Accordingly, Plaintiff

filed his opposition to the District's motion, *see* Pl.'s Opp'n, Docket No. [35], and the District

its reply, *see* Def.'s Reply, Docket No. [36]. Briefing is therefore complete and the District's

motion is now ripe for the Court's review and resolution.

## II.  LEGAL STANDARDS

As an initial matter, although the District's motion is captioned as a motion to dismiss

pursuant to Rule 12(b), it is actually a motion for judgment on the pleadings under Rule 12(c).

Rule 12(b) states that a motion making any of the defenses enumerated therein "shall be made

before pleading if a further pleading is permitted." FED. R. CIV. P. 12(b). Because the

District has already filed an answer to the Plaintiff's Complaint, the District's motion to

dismiss is not timely under Rule 12(b). Courts, however, routinely treat motions to dismiss

that are filed after a responsive pleading as a motion for judgment on the pleadings. *See, e.g.,*

*Lenox Hill Hosp. v. Shalala*, 131 F. Supp. 2d 136, 139-40 (D.D.C. 2000) (treating Rule 12(b)

motion to dismiss filed after answer as a motion for judgment on the pleadings under Rule 12(c)); *see also Bowman v. District of Columbia*, 562 F. Supp. 2d 30, 32 (D.D.C. 2008) (same). Indeed, the "same standard applies to motions made under either" Rule 12(b) or Rule 12(c), such that "any distinction between them is merely semantic." *Bowman*, 562 F. Supp. 2d at 32 (quoting 2 FED. PRAC. 3d § 12.38, 12-101); *see also Sanders v. District of Columbia*, __ F. Supp. 2d __, 2009 WL 486198, (D.D.C. Feb. 27, 2009) ("The standard for review for motions for judgment on the pleadings under Rule 12(c) of the Federal Rules is essentially the same as that for motions to dismiss under Rule12(b)(6)."). Accordingly, the Court shall treat the District's motion as a motion for judgment on the pleadings pursuant to Rule 12(c). *See* Fed. R. Civ. P. 12(c) ("After the pleadings are closed . . . a party may move for judgment on the pleadings.").

As noted above, the standards for reviewing the District's motion are the same under either Rule 12(b) or 12(c). Accordingly, in reviewing the District's allegations that the Court lacks subject matter jurisdiction over Plaintiff's Complaint—whether under Rule 12(b) or Rule 12(c)—the Court must accept as true all factual allegations contained in the complaint, and the plaintiff should receive the benefit of all favorable inferences that can be drawn from the alleged facts. *See Leatherman v. Tarrant Cty. Narcotics Intelligence & Coordination Unit*, 507 U.S. 163, 164 (1993). However, a "'plaintiff's factual allegations in the complaint . . . will bear closer scrutiny in resolving a 12(b)(1) motion' than in resolving a 12(b)(6) motion for failure to state a claim." *Grand Lodge of Fraternal Order of Police v. Ahscroft*, 185 F. Supp. 2d 9, 13-14 (D.D.C. 2001) (quoting 5A Charles Alan Wright & Arthur R. Miller,

Federal Practice and Procedure § 1350).  "Although 'the District Court may in appropriate cases dispose of a motion to dismiss for lack of subject matter jurisdiction [] on the complaint standing alone,' 'where necessary, the court may consider the complaint supplemented by undisputed facts evidenced in the record, or the complaint supplemented by undisputed facts plus the court's resolution of disputed facts.'"  *Coalition for Underground Expansion v. Mineta*, 333 F.3d 193, 198 (D.C. Cir. 2003) (quoting *Herbert v. Nat'l Acad. of Scis.*, 974 F.2d 192, 197 (D.C. Cir. 1992)); *see also Koutny v. Martin*, 530 F. Supp. 2d 84, 87 (D.D.C. 2007) (in resolving a motion to dismiss pursuant to Rule 12(b)(1), a court "may also consider 'undisputed facts evidenced in the record'") (internal citations omitted).  The plaintiff bears the burden of establishing that the court has jurisdiction.  *Grand Lodge*, 185 F. Supp. 2d at 13 (a court has an "affirmative obligation to ensure that it is acting within the scope of its jurisdictional authority"); *see also Pitney Bowes, Inc. v. U.S. Postal Serv.*, 27 F. Supp. 2d 15, 19 (D.D.C. 1998).

Similarly, in evaluating the allegations that a plaintiff fails to state a claim—under either Rule 12(b)(6) or Rule 12(c)—the court must construe the complaint in a light most favorable to the plaintiff and must accept as true all reasonable factual inferences drawn from well-pleaded factual allegations.  *In re United Mine Workers of Am. Employee Benefit Plans Litig.*, 854 F. Supp. 914, 915 (D.D.C. 1994).  While the court must construe the complaint in the plaintiff's favor, it "need not accept inferences drawn by the plaintiff[] if such inferences are unsupported by the facts set out in the complaint."  *Kowal v. MCI Commc'ns Corp.*, 16 F.3d 1271, 1276 (D.C. Cir. 1994).  Moreover, the court is not bound to accept the legal

conclusions of the non-moving party.  *See Taylor v. FDIC*, 132 F.3d 753, 762 (D.C. Cir.

1997).  The court is limited to considering facts alleged in the complaint, any documents

attached to or incorporated in the complaint, matters of which the court may take judicial

notice, and matters of public record.  *See E.E.O.C. v. St. Francis Xavier Parochial Sch.*, 117

F.3d 621, 624 (D.C. Cir. 1997); *Marshall County Health Care Auth. v. Shalala*, 988 F.2d

1221, 1226 n.6 (D.C. Cir. 1993).

## III.  DISCUSSION

A.      *Count I of Plaintiff's Complaint Alleging Violations of the IDEA and Section
        1983*

As an initial matter, resolution of the District's motion is complicated by the

Complaint's less than artful drafting.  Although Plaintiff asserts in the Complaint that this

Court has jurisdiction over his claims pursuant to three different statutory schemes—the

IDEA, Section 1983 and the Rehabilitation Act—the Complaint asserts only two counts and

does not specify the legal basis for either count.  *See generally* Compl.  The Court therefore

pauses briefly to clarify the claims asserted in Count I of Plaintiff's Complaint.  Specifically,

Count I of Plaintiff's Complaint alleges that the District failed to provide Plaintiff with a free

and appropriate public education when it did not provide him an opportunity to receive a high

school diploma even though his IEP specified that he was on the high school diploma track.

*See* Compl. ¶ 16.  Although Plaintiff does not identify the precise legal basis for his claim, the

Court understands that Plaintiff intends to assert a violation of the IDEA—*i.e.*, failure to

provide Plaintiff with a free and appropriate education—and seeks compensatory education

under the IDEA for this violation as well as a declaration that the District has violated the

IDEA. *See id.* ¶¶ 16, 19, 22.  In addition, although far from clear, it appears that Plaintiff also

seeks monetary damages under Section 1983 for the alleged IDEA violation set forth in Count

I.  *See* Compl. ¶¶ 16, 23.  As the relevant case law demonstrates, the IDEA itself does not

provide for monetary damages, but a plaintiff may seek monetary damages for violations of

the IDEA under Section 1983.  *See Walker v. District of Columbia*, 969 F. Supp. 794, 796

(D.D.C. 1997).  Despite this lack of clarity in Plaintiff's Complaint, Plaintiff has confirmed in

his opposition to the District's motion that his "Section 1983 claim arises from the failure of

the school to implement [Plaintiff's] IEP."  Pl.'s Opp'n at 3.  Accordingly, the Court

understands that Count I of Plaintiff's Complaint asserts claims under both the IDEA and

Section 1983 based on the District's alleged failure to provide Plaintiff with a free and

appropriate education.  With that understanding, the Court proceeds to the substance of the

District's arguments, as they relate to Count I of Plaintiff's Complaint.

The District principally argues that this Court lacks subject matter jurisdiction over

Plaintiff's claims under the IDEA and Section 1983.[8]  First, the District argues that, to the

extent the Complaint should be read as appealing the June 2002 HOD, Plaintiff's claims are

time-barred because the Complaint was not filed within the relevant statute of limitations for

appealing hearing officer determinations.  Def.'s MTD at 10-11, 13.  Second, the District

argues that, to the extent the Complaint should be read as asserting a new violation of the

IDEA, Plaintiff has not exhausted his administrative remedies under the IDEA and the Court

---

[8]The District also argues that Plaintiff has failed to state a claim under the IDEA.  Def.'s
MTD at 8-10.  Given the Court's determination that the Court lacks subject matter over
Plaintiff's IDEA claim, the Court need not address Defendant's argument in the alternative.

therefore lacks subject matter jurisdiction over Plaintiff's claims.  Def.'s MTD at 8, 13.  The

Court shall examine each argument in turn.

        1.    <u>To the Extent Plaintiff Seeks to Appeal the June 2002 HOD, Plaintiff's</u>
              <u>Claims under the IDEA and Section 1983 are Time-Barred</u>

The IDEA establishes a variety of procedural safeguards, including, as is relevant

here, a notice and hearing process.  *See* 20 U.S.C. § 1415.  As Plaintiff acknowledges in his

Complaint, he engaged in the notice and hearing process and was issued an HOD.  Compl.

¶12.  Although Plaintiff's Complaint does not provide further detail as to the HOD, Plaintiff

subsequently submitted a copy of the HOD to the Court.[9]  *See* Docket No. [31-3].  Review of

the HOD demonstrates that the decision was filed on June 21, 2002 and issued shortly

thereafter on June 24, 2002.  *See id.* at 5.  As explained in the HOD, Plaintiff and his parents

brought a complaint against DCPS alleging that the District had denied Plaintiff a FAPE

"through its failure to provide him a full-time special education program and placement and

classes in which he can earn Carnegie credits towards a diploma upon graduation."  *Id.* at 3.

Plaintiff requested that he be awarded : (1) an order directing the District to place and fund

Plaintiff at the Accotink Academy for the 2002-03 school year, a facility which provides

Carnegie credits for special education classes; (2) compensatory education; and (3)

---

[9]As explained above, "[a]lthough 'the District Court may in appropriate cases dispose of a motion to dismiss for lack of subject matter jurisdiction [] on the complaint standing alone,' 'where necessary, the court may consider the complaint supplemented by undisputed facts evidenced in the record, or the complaint supplemented by undisputed facts plus the court's resolution of disputed facts.'"  *Coalition for Underground Expansion,* 333 F.3d at 198 (quoting *Herbert*, 974 F.2d at 197); *see also Koutny*, 530 F. Supp. 2d at 87 (in resolving a motion to dismiss for lack of subject matter jurisdiction, a court "may also consider 'undisputed facts evidenced in the record'") (internal citations omitted).

reservation of the right to seek additional compensatory education if necessary. *Id.* The HOD

determined that DCPS had a responsibility to inform Plaintiff of the apparent conflict

between his need for special education and his placement on a "diploma track"—*i.e.*, that his

special education classes may not award the Carnegie units required for a diploma—and to

obtain a waiver releasing the District from its obligation to provide a FAPE if Plaintiff's

parent insisted Plaintiff remain on a "diploma track." *Id.* at 4-5. The HOD ultimately held

that District's failure to do so denied Plaintiff a FAPE. *Id.* The HOD therefore awarded

Plaintiff all relief requested. *See id.*

At the time the HOD was issued, the District of Columbia applied a 30-day limitations

period to appeals from an adverse HOD, *see Carruthers v. Ludlow Taylor Elem. School*, 432

F. Supp. 2d 75, 80 (D.D.C. 2006),[10] and the HOD advised Plaintiff that he could appeal the

determination within 30 days of the decision. *See id.* at 5. Plaintiff, however, did not file the

above-captioned lawsuit until June 9, 2004. *See* Compl. The District therefore argues that

any appeal of the HOD is time-barred, as Plaintiff did not file the appeal until almost two

years after the HOD was issued. Def.'s MTD at 10-11. The Court agrees that, to the extent

Plaintiff is seeking to appeal the June 2002 HOD, any such claim is time-barred. *See*

*Carruthers*, 432 F. Supp. 2d at 80 ("[T]he limitations period is 'mandatory and jurisdictional:

once the time prescribed by the rules is passed, [the court is] without the power to hear the

case.'"); *see also R.P. v. District of Columbia*, 474 F. Supp. 2d 152, 154 (D.D.C. 2007)

(dismissing complaint for lack of jurisdiction because plaintiff failed to file appeal within

---

[10]The IDEA was amended, effective July 1, 2005, to provide for a 90-day statute of
limitations for any appeal from an adverse HOD. *See* 20 U.S.C. § 1415i(2)(B).

relevant limitations period), *aff'd* 276 Fed. Appx. 1 (D.C. Cir. 2008).[11]

Plaintiff, however, counters that "[t]he instant case is not the appeal of an administrative hearing, and as such, is not time barred." Pl.'s Opp'n at 6. As an initial matter, the Court is not persuaded that this statement is entirely accurate. Admittedly, Plaintiff's Complaint itself does not frame the instant lawsuit as an appeal of the June 2002 HOD. *See generally* Compl. Given the somewhat muddied nature of the Complaint, however, this fact alone does not clearly demonstrate that the instant lawsuit is not appealing the HOD. Rather, it appears that, as a substantive matter, Count I of Plaintiff's Complaint raises the very same issues addressed in the HOD, and that Plaintiff is simply seeking money damages in addition to the compensatory education awarded in the HOD. Indeed, Plaintiff's own statements in his briefing now before the Court significantly undermines Plaintiff's blanket assertion that the instant Complaint does not directly appeal the HOD. For example, in explaining the nature of his IDEA claim, Plaintiff asserts that it is based, at least in part, on the District's failure to "offer [Plaintiff] special education classes in which he could earn Carnegie units in order to complete the goals on his IEP and graduate with a high school

---

[11]Although there is some question as to whether the limitations period is subject to equitable tolling, *see R.S. v. District of Columbia*, 292 F. Supp. 2d 23, 27 (D.D.C. 2003); *Maynard v. District of Columbia*, 579 F. Supp. 2d 137, 141-42 (D.D.C. 2008), Plaintiff has not advanced any argument that the limitations period should be tolled in the instant case, *see generally* Pl.'s Opp'n. Accordingly, as "the District ha[s] sufficiently established that [Plaintiff's] complaint was not timely and [Plaintiff] ha[s] advanced no arguments for equitably tolling the statute of limitations," the Court concludes that any appeal from the HOD is time-barred. *See Maynard*, 579 F. Supp. 2d at 141.

diploma." Pl.'s Opp'n at 5.[12]  In addition, in arguing that he is entitled to compensatory

damages under Section 1983 for violations of the IDEA, Plaintiff cites to the HOD's finding

that the District violated the IDEA as evidence that Plaintiff is entitled to monetary damages.

*See id.* at 10.  Thus, Plaintiff's own briefing indicates that his IDEA and Section 1983 claims

are based on the same alleged violations of the IDEA at issue in the HOD.  *See* Pl.'s Opp'n at

10.  Accordingly, Plaintiff's contention that his IDEA and Section 1983 claims are not time-

barred is not persuasive.  Rather, it seems evident that Plaintiff is in fact seeking monetary

damages from the violations addressed in the HOD and is not raising new claims.

Nonetheless, the Court need not resolve this issue because even if Plaintiff's Complaint may

be read to assert new, independent violations of the IDEA, the Court lacks subject matter

jurisdiction over Plaintiff's IDEA and Section 1983 claims predicated on new violations of

the IDEA in light of Plaintiff's failure to exhaust his remedies, as discussed below.

    2.    <u>To the Extent Plaintiff Seeks to Assert Claims under the IDEA and
Section 1983 Based on New Violations of the IDEA, Plaintiff has not
Exhausted his Administrative Remedies</u>

Even accepting Plaintiff's assertion that the instant lawsuit is not an appeal from the

HOD, Plaintiff has not exhausted his administrative remedies and the Court therefore lacks

subject matter jurisdiction over Plaintiff's claims under the IDEA and Section 1983.  Judicial

review is generally unavailable under the IDEA unless all administrative procedures have

---

[12]In addition, Plaintiff states that his IDEA claim is also predicated on the District's
failure to ensure that certain "transition services" were in place, as required by Plaintiff's IEP.
*See* Pl.'s Opp'n at 5-6.  Plaintiff's Complaint, however, fails to include any factual allegations
relating to the provision of "transition services," and the Court therefore does not consider
Plaintiff's argument as it relates to the District's failure to provide such services.

been exhausted.  *Honig v. Doe*, 484 U.S. 305, 326-27 (1988) (discussing the Education of

Handicapped Act, the immediate predecessor to the IDEA); *cf. Cox v. Jenkins*, 878 F.2d 414,

418 (D.C. Cir. 1989) (dismissing action under the Education of Handicapped Act, the IDEA's

immediate predecessor, for failure to pursue all administrative avenues of redress).

Accordingly, "[a] court has no subject matter jurisdiction over an IDEA claim that has not

first been pursued through administrative channels."  *Massey v. District of Columbia*, 400 F.

Supp. 2d 66, 70 (D.D.C. 2005).  Although exhaustion of administrative remedies under the

IDEA is not required "where exhaustion would be futile or inadequate," Plaintiff bears the

burden of demonstrating the futility or inadequacy of the administrative process.  *Honig*, 484

U.S. at 326-27; *see also Cox*, 878 F.2d at 419 (dismissing complaint where parents had not

made any showing on the record that they were not required to exhaust their administrative

remedies because exhaustion would have been futile).  "The controlling point of law here is

that, absent a showing that exhaustion would be futile or inadequate, a party must pursue all

administrative avenues of redress under the [IDEA] before seeking judicial review under the

Act."  *Cox*, 878 F.2d at 419.

Significantly, the IDEA's exhaustion requirement applies not only to claims brought

directly under the IDEA itself, but to any claims for relief available under the IDEA,

regardless of the statutory basis for such claims.  The IDEA explicitly provides:

> Nothing in this chapter shall be construed to restrict or limit the rights,
> procedures, and remedies available under the Constitution . . ., title V of the
> Rehabilitation Act of 1973 [29 U.S.C.A. § 791 et seq.], or other Federal laws
> protecting the rights of children with disabilities, except that before the filing of
> a civil action under such laws seeking relief that is also available under this
> subchapter, the procedures [for an impartial due process hearing and

administrative appeal] shall be exhausted to the same extent as would be required
had the action been brought under this subchapter.

20 U.S.C. § 1415(l).  That is, although the IDEA does not "restrict or limit the rights,

procedures, and remedies available" under other applicable federal laws, a plaintiff must

nonetheless exhaust the administrative procedures set forth under the IDEA when "seeking

relief that is also available under" the IDEA, regardless of the statutory basis for such claims.

*Id.*; *see also Polera v. Bd. of Ed. of Newburgh Enlarged City School Dist.*, 288 F.3d 478, 487-

88 (2d Cir. 2002).  Accordingly, to the extent Plaintiff has not exhausted his administrative

remedies under the IDEA and he seeks relief available under the IDEA, this Court lacks

subject matter jurisdiction over Plaintiff's claims regardless of the statutory basis asserted.

That is, not only is Plaintiff's IDEA claim subject to the IDEA's exhaustion requirement, but

Plaintiff's claim under Section 1983is also subject to the IDEA's exhaustion requirement to

the extent the claim "seek[] relief that is also available under" the IDEA.

Plaintiff, for his part, does not dispute that he has failed to exhaust his administrative

remedies under the IDEA.  *See generally* Pl.'s Opp'n.  Rather, Plaintiff argues only that he "is

not barred from bringing this claim due to failure to exhaust administrative remedies" because

"[i]t is not within the purview of the Hearing Officer to award damages."  Pl.'s Opp'n at 11

(internal quotation marks omitted).  In other words, Plaintiff argues that he does not need to

exhaust his administrative remedies under the IDEA because he seeks monetary damages,

which relief is not available under the IDEA.

As an initial matter, neither party has directed the Court to any decision within this

Circuit addressing application of the IDEA's exhaustion requirement to claims brought under

15

other statutes, such as Section 1983.  It therefore appears to be an issue of first impression in

this Circuit.  As the District notes in its motion, however, other courts have examined the issue

and have concluded that a plaintiff cannot evade the IDEA's exhaustion requirement simply

by framing his or her action as one for monetary relief.  *See* Def.'s MTD at 8 (citing *Polera v.*

*Bd. of Ed.*, 288 F.3d 478, 488 (2d Cir. 2002)).  Rather, these courts have held that "what relief

is 'available' does not necessarily depend on what the aggrieved party wants."  *Charlie F. v.*

*Bd. of Ed.*, 98 F.3d 989, 991-92 (7th Cir. 1996).  That is, "relief" as used in section 1415(l) of

the IDEA "'mean[s] relief for the events, condition, or consequences of which the person

complains, not necessarily relief of the kind the person prefers' or specifically seeks."  *Padilla*

*v. School Dist. No. 1*, 233 F.3d 1268, 1274 (10th Cir. 2000) (quoting *Charlie F.*, 98 F.3d at

992); *see also M.Y. v. Special Sch. Dist. No. 1*, 519 F. Supp. 2d 995, 1002 (D. Minn. 2007)

(same), *aff'd* 544 F.3d 885 (8th Cir. 2008); *Polera*, 288 F.3d at 487-88 (same).  Plaintiff, for

his part, has not offered any case law to the contrary supporting his argument that a plaintiff

need not exhaust his administrative remedies if he or she seeks monetary relief.[13]

     Ultimately, the Court is persuaded that a court's "primary concern in determining

whether a plaintiff must utilize the IDEA's administrative procedures relates to the source and

nature of the alleged injuries for which he or she seeks a remedy, not the specific remedy

itself."  *Padilla*, 233 F.3d at 1274.  As the Tenth Circuit succinctly put it:

    [T]he dispositive question generally is whether the plaintiff has alleged injuries

---

[13]Plaintiff's citations to *Walker v. District of Columbia*, 969 F. Supp. 794 (D.D.C. 1997)
(hereinafter "*Walker I*") and *Walker v. District of Columbia*, 157 F. Supp. 2d 11, 23 (D.D.C.
2001) (hereafter "*Walker II*") are inapposite, as neither case addresses the question of exhaustion
under the IDEA.

> that could be redressed to any degree by the IDEA's administrative procedures
> and remedies.  If so, exhaustion of those remedies is required.  If not, the claim
> necessarily falls outside the IDEA's scope, and exhaustion is unnecessary.  Where
> the IDEA's ability to remedy a particular injury is unclear, exhaustion should be
> required in order to give educational agencies an initial opportunity to ascertain
> and alleviate the alleged problem.

*Id.*; *see also Charlie F.*, 98 F.3d at 992, 993.  The Court therefore does not agree with

Plaintiff that he may skirt the administrative remedies provided for in the IDEA simply by

adding a claim for monetary relief.  If that were true, every plaintiff who had failed to exhaust

his or her administrative remedies could simply side-step the error by adding a claim for

monetary damages to his or her complaint in federal court.  Such a result is illogical and in

direct contradiction to the purpose of the IDEA's exhaustion requirement, which "was

intended to channel disputes related to the education of disabled children into an

administrative process that could apply administrators' expertise in the area and promptly

resolve grievances."  *Polera*, 288 F.3d at 487 (2d Cir. 2002); *see also Hoeft v. Tucson Unified*

*Sch. Dist.*, 967 F.2d 1298, 1303 (9th Cir. 1992) ("Exhaustion of the administrative process

allows for the exercise of discretion and educational expertise by state and local agencies,

affords full exploration of technical educational issues, furthers development of a complete

factual record, and promotes judicial efficiency by giving these agencies the first opportunity

to correct shortcomings in their educational programs for disabled children.").  Thus, the

Court concludes that Plaintiff is not excused from the IDEA's exhaustion requirement simply

because he seeks monetary damages.

Significantly, Plaintiff fails to offer any other reason to excuse his admitted failure to

exhaust administrative remedies.  *See generally* Pl.'s Opp'n.  As stated above, however,

Plaintiff bears the burden of demonstrating that exhaustion would be futile or inadequate.  *See*

*Honig*, 484 U.S. at 326-27; *see also Cox*, 878 F.2d at 419.  Accordingly, as Plaintiff has not

"show[n] that exhaustion would be futile or inadequate, [Plaintiff] must pursue all

administrative avenues of redress under the [IDEA] before seeking judicial review under the

Act."  *Cox*, 878 F.2d at 419.  The Court therefore grants the District's motion for judgment on

the pleadings as to Count I, as the Court lacks subject matter jurisdiction over Plaintiff's

claims under the IDEA and Section 1983 based on allegations that the District violated the

IDEA.

> B.      *Count II of Plaintiff's Complaint Alleging a Violation of the Rehabilitation Act*

As with Count I, Count II of Plaintiff's Complaint does not specify the exact legal

basis for the allegations asserted therein.  It appears, however, that Plaintiff intends to assert a

claim under Section 504 of the Rehabilitation Act, alleging that the District "discriminated

against the plaintiff solely based on his disability" by providing "only regular education

students [with] the opportunity to earn Carnegie units and work towards a regular high school

diploma."  Compl.¶ 18.

In order to state a claim under Section 504, generally a plaintiff must show that he or

she was discriminated against "solely by reason of his [or her] handicap."  29 U.S.C. § 794.

In the context of children who receive benefits pursuant to the IDEA, the D.C. Circuit has

noted that "'in order to show a violation of the Rehabilitation Act, something more than a

mere failure to provide the 'free and appropriate education' required by the [IDEA] must be

shown.'"  *Lunceford v. District of Columbia Bd. of Ed.*, 745 F.2d 1577, 1580 (D.C. Cir.1984)

(quoting *Monahan v. Nebraska*, 687 F.2d 1164, 1170 (8th Cir.1982)).  Accordingly, courts in

this circuit have consistently held that a plaintiff alleging a Section 504 violation based upon

denial of a free and appropriate education "must show either bad faith or gross misjudgment

on the part of the governmental defendants."  *See, e.g., Robinson v. District of Columbia*, 535

F. Supp. 2d 38, 41-42 (D.D.C. 2008); *R.S. v. District of Columbia*, 292 F. Supp. 2d 23, 28

(D.D.C. 2003); *Walker I*, 969 F. Supp. at 797.

      The District argues that Plaintiff has failed to state a claim under Section 504 because

"nothing in the Complaint suggests an allegation of bad faith or gross misjudgment."  Def.'s

MTD at 12.  As characterized by the District, Plaintiff's Complaint alleges only that the

District failed to fully implement Plaintiff's IEP, which the District argues does not by itself

sufficiently suggest the bad faith or gross misjudgment necessary to state a claim under

Section 504.  Def.'s Reply at 6-7.  The District's argument, however, ignores that Count II of

Plaintiff's Complaint asserts more than a mere failure to implement the Plaintiff's IEP, as is

at issue in Count I.  Rather, Count II alleges that the District discriminated against Plaintiff

solely based on his disability because it provided "only regular education students [with] the

opportunity to earn Carnegie units and work towards a regular high school diploma," but did

not provide the same opportunity to special education students.  *See* Compl. ¶ 18.  That is,

Plaintiff claims that the District's alleged policy of awarding Carnegie units only for non-

special education classes impeded the implementation of his IEP, which specified that he was

to be on the high school diploma track.  Plaintiff therefore argues that he has "alleged facts

which call into question whether DCPS officials exercised professional judgment."  Pl.'s

Opp'n at 8.  The Court is persuaded that, at this early stage, Plaintiff has alleged sufficient

facts to state a claim under Section 504 of the Rehabilitation Act.  *See, e.g., S.W. v. Warren*,

528 F. Supp. 2d 282, 291-92 (S.D.N.Y. 2007) (finding that the court could "infer that

plaintiffs may be able to show bad faith or gross misjudgment" from plaintiff's allegation that

defendants implemented policies that impede implementation of disabled students' IEPs and

thus finding that plaintiff's section 504 claim survived motion to dismiss); *cf Alston v.

District of Columbia*, 561 F. Supp. 2d 29, 39 (D.D.C. 2008) ("The plaintiff is not required to

use the magic words 'bad faith' in her pleading.").  Construing the Complaint in a light most

favorable to Plaintiff and drawing all reasonable inferences from the factual allegations

contained therein, as the Court must, the Court cannot say that Plaintiff has failed, as a matter

of law, to alleged sufficient facts from which gross misjudgment may be inferred.[14]  The

Court therefore denies the District's motion, to the extent it seeks a judgment on the pleadings

as to Count II of Plaintiff's Complaint for failure to state a claim under the Rehabilitation Act.

However, this is not the end of the Court's inquiry as to Count II.  Although the

District itself has not explicitly raised the question of the Court's subject matter jurisdiction

over Plaintiff's Rehabilitation claim in its motion (instead raising the issue only as to

Plaintiff's IDEA and Section 1983 claims, as discussed above), the Court has an obligation to

consider the question *sua sponte.  NetworkIP, LLC v. FCC*, 548 F.3d 116, 120 (D.C. Cir.

---

[14]Although Plaintiff's Section 504 claim may be based upon a showing of either bad faith
or gross misjudgment on the part of the governmental defendants, the Court notes that Plaintiff
has asserted only that his Complaint alleges facts sufficient to infer DCPS' failure to exercise
professional misjudgment.  *See* Pl.'s Opp'n at 7-8.  Plaintiff does not contend that he has asserted
facts from which bad faith on the part of the District may be inferred.  *See id.*

2008) ("'It is axiomatic that subject matter jurisdiction may not be waived, and that courts

may raise the issue *sua sponte*.'") (quoting *Athens Cmty. Hosp., Inc. v. Schweiker*, 686 F.2d

989, 992 (D.C. Cir. 1982)).  "Indeed, we must raise it, because while arguments in favor of

subject matter jurisdiction can be waived by inattention or deliberate choice, we are

forbidden—as a court of limited jurisdiction—from acting beyond our authority, and 'no

action of the parties can confer subject-matter jurisdiction upon a federal court.'" *Id.* (quoting

*Akinseye v. District of Columbia*, 339 F.3d 970, 971 (D.C. Cir.2003)).

     As explained above, the IDEA "provides that potential plaintiffs with grievances

related to the education of disabled children generally must exhaust their administrative

remedies before filing suit in federal court, even if their claims are formulated under a statute

other than the IDEA (such as [] the Rehabilitation Act)." *Polera*, 288 F.3d at 481; *see also*

*supra* p.14-15.  Here, Plaintiff's claim, although asserted under the Rehabilitation Act,

clearly "relat[es] to the education of disabled children."  As such, it appears that Plaintiff is

required to have exhausted his administrative remedies under the IDEA even as to his claim

under Section 504 of the Rehabilitation Act.

     Plaintiff has already admitted that he did not exhaust his administrative remedies

under the IDEA.  As discussed above, Plaintiff has not sufficiently met his burden of

demonstrating futility or inadequacy as to his IDEA and Section 1983 claims.  However,

given that the District did not raise the issue of the Court's subject matter jurisdiction

specifically over Plaintiff's Rehabilitation Act claim, the Court declines to make a

determination on the record now before it without first providing both parties an opportunity

to address the question of the Court's subject matter jurisdiction as it specifically relates to

Plaintiff's Rehabilitation Act claim.  Accordingly, the Court shall require the parties to submit

supplemental briefing on the discrete question of the Court's subject matter jurisdiction over

Plaintiff's claim under the Rehabilitation Act.  Specifically, the parties must address whether

the Court lacks subject matter jurisdiction over Plaintiff's claim under the Rehabilitation Act

because it is time-barred or, if not time-barred, because Plaintiff failed to administratively

exhaust his remedies under the IDEA.

Plaintiff shall therefore file, by no later than April 17, 2009, supplemental briefing

addressing the discrete issue of the Court's subject matter jurisdiction over his Rehabilitation

Act claim.  The District shall file a targeted opposition addressing only the question of the

Court's subject matter jurisdiction over Plaintiff's remaining claim by no later than May 1,

2009, and Plaintiff may file a reply, if appropriate, by no later than May 13, 2009.[15]

## IV.  CONCLUSION

For the reasons stated above, the Court hereby GRANTS-IN-PART and DENIES-IN-

PART Defendant's [32] motion for judgment on the pleadings.  Specifically, the Court

---

[15]Finally, the Court notes that Plaintiff's Complaint also invokes this Court's jurisdiction pursuant to 28 U.S.C. § 1331, which provides that "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."  The District, in its motion now before the Court, argues that "plaintiff has failed to demonstrate that any federal law confers on plaintiff the right to receive Carnegie units, and thus to establish any federal right of which he has been deprived," therefore concluding that "plaintiff has failed to state a claim sufficient to establish jurisdiction under Section 1331."  Def.'s MTD at 5.  Defendant's argument, however, is without merit.  Plaintiff's Complaint alleges a claim under the Rehabilitation Act, and thus, to the extent this Court has subject matter jurisdiction over that claim, Plaintiff's Complaint "aris[es] under the [] laws" of the United States and this Court has general federal question jurisdiction over Plaintiff's Complaint.

GRANTS Defendant's motion as to Count I of Plaintiff's Complaint, concluding that the Court lacks subject matter jurisdiction over Plaintiff's claims pursuant to the IDEA and Section 1983, but DENIES Defendant's motion as to Count II of Plaintiff's Complaint, concluding that Plaintiff has sufficiently stated a claim under the Rehabilitation Act.  The Court, however, shall require the parties to submit supplemental briefing addressing the Court's subject matter jurisdiction over Plaintiff's remaining claim under the Rehabilitation Act.  Specifically, the parties must address whether the Court lacks subject matter jurisdiction over Plaintiff's claim under the Rehabilitation Act because it is time-barred or, if not time-barred, because Plaintiff failed to administratively exhaust his remedies under the IDEA. Accordingly, Plaintiff shall file, by no later than April 17, 2009, supplemental briefing addressing the discrete issue of the Court's subject matter jurisdiction over Plaintiff's Rehabilitation Act claim.  The District shall file a targeted opposition by no later than May 1, 2009, and Plaintiff may file a reply, if appropriate, by no later than May 13, 2009.  An appropriate order accompanies this memorandum opinion.

Date: March 31, 2009

                                       /s/  
                                       COLLEEN KOLLAR-KOTELLY
                                       United States District Judge